IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONALD M. REYNOLDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 109-061 |
| ) | (Formerly CR 106-081) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at the Federal Correctional Institution in Pekin, Illinois, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner has also filed a "Motion for Summary Judgment" and two motions to take judicial notice of certain facts in relation to his summary judgment motion. (See doc. nos. 6, 20, 34). Respondent opposes Petitioner's § 2255 motion, as well as his other pending motions. (See doc. nos. 15, 22). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that the other pending motions be **DENIED** as **MOOT**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner and his co-defendant Alvin Price were both indicted on one count of armed robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Count 1), and one count of discharge of

a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). United States v. Price, CR 106-081, doc. no. 11 (S.D. Ga. May 2, 2006) (hereinafter "CR 106-081"). Petitioner was also indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(g)(1) (Count 3). Id. On March 6, 2007, Petitioner and Price were tried before a jury and were convicted on all counts. Id., doc. nos. 141, 145, 148. On July 31, 2007, Petitioner was sentenced by the Honorable Dudley H. Bowen, Jr., United States District Judge, to 300 months of imprisonment as to Count 1, 120 months of imprisonment as to Count 3 (to run concurrently with the sentence imposed as to Count 1), and 120 months of imprisonment as to Count 2 (to be served consecutively to the sentences imposed as to Counts 1 and 3), for a total term of imprisonment of 420 months. Id., doc. no. 156.

On appeal, Petitioner's conviction and sentence were affirmed, with the Eleventh Circuit finding that the overwhelming evidence against Petitioner rendered any error at the district court level harmless. See generally United States v. Price, 298 Fed. App'x 931 (11th Cir. 2008). For example, Petitioner argued on appeal that the district court erred in allowing the government to introduce evidence of Price's testimony from his Rule 11 hearing on his change of plea.[1] Id. at 938. Specifically, Petitioner objected to the following questions posed to Price by the government at trial, as described by the Eleventh Circuit:

> At [the Rule 11] hearing, this judge, Judge Bowen, asked you some questions, and he specifically asked you "I'm not so concern[ed] . . . about what

---

[2]Although Judge Bowen conducted a Rule 11 hearing when Price notified the Court of his intention to plead guilty, Judge Bowen did not accept Price's guilty plea, and therefore, Price proceeded to trial along with Petitioner. (See doc. nos. 101, 110); see also Price, 298 Fed. App'x at 938.

2

> happened at that point in time. I am concerned about what you knew or did not know at the time when you went to the bank with Mr. Reynolds . . . tell me about that.' And your answer was: "at the time he was in the bank[,] I was in the car and . . . facing toward the traffic."?
>
> . . . .
>
> Let me read something else to you. You said during that same hearing[,] just a few seconds before: "when I was there at the bank[,] I was facing the traffic. He told me he was going to see someone. Okay. So, he got out and I was looking around, just sight seeing because this is my first time in Georgia. He comes back in[,] and he told me to go ahead and drive." Do you remember saying that?

Price, 298 Fed. App'x at 939 (citations omitted). While the Eleventh Circuit found that this Rule 11 testimony should not have been admitted, see id., it also found that its admission did not warrant reversal of Petitioner's conviction, specifically noting:

> The record contains <u>too much inculpating evidence</u> for the testimony to have affected the jury's guilty verdict. First, Price testified that [Petitioner] was in the backseat of the "getaway car." Second, County agents found the white coveralls and the long, black wig worn by the robber and identified at trial by the bank employees in the backseat of that car. The car also contained shotgun shells, a knit cap, black gloves, and 6650 dollars stolen from the bank, and a wallet and purse belonging to bank employees. Third, [Petitioner] was identified as the robber by the bank employees an hour after the robbery, and he was identified again during the trial. Fourth, [Petitioner] was wearing the same clothes as the robber, and he had the same distinctive teeth. Fifth, Officer An further identified [Petitioner] in live court as the man who fired a shot in the direction of his vehicle, and Price testified after hearing a loud noise, he saw [Petitioner] holding a shotgun in the backseat of the car. There was <u>overwhelming evidence against [Petitioner]</u>, unaffected by the Rule 11 testimony, to support the guilty verdict.

Id. at 940-41 (emphases added). The Eleventh Circuit made a similar finding with respect to Petitioner's argument that the district court erred in permitting the government to introduce testimony at trial concerning the "getaway" car that was destroyed before Price and Petitioner could examine it. Specifically, the appellate court found that the district court's

3

decision to permit the introduction of such evidence was not error, because "the evidence was not potentially exculpatory, it was brought before the jury by other means, and there was no showing of bad faith by the government." Id. at 937. However, the Eleventh Circuit went on to find that even assuming that the district court had erred in admitting the evidence, it amounted to harmless error because "there was ample evidence that [Petitioner] was connected to the car and the car was connected to the robbery," specifically noting the following:

> Price the driver of the car, identified [Petitioner] as a passenger in the car; [Petitioner] was chased down after jumping out of the car; [Petitioner] was seen holding a shotgun in the backseat of the car by both Price and Deputy An; items found in the car were linked to the robbery; and [Petitioner] was identified by the bank employees as the robber who left the bank in the "getaway" car.

Id. at 938. Accordingly, as noted above, the Eleventh Circuit affirmed Petitioner's conviction and sentence. Id. at 941.

Petitioner timely filed the instant § 2255 motion asserting the following as grounds for relief: (1) his attorney rendered constitutionally ineffective assistance of counsel by failing to introduce certain evidence at trial, and (2) the district court violated Petitioner's right to counsel by answering a question submitted by the jury without first consulting Petitioner's attorney. (See generally doc. no. 1). Petitioner further requests an evidentiary hearing to resolve the claims presented in his § 2255 motion. (Id. at 24). Respondent contends that Petitioner's claims are procedurally defaulted or otherwise without merit. (See generally doc. no. 15). The Court resolves the matter as follows.

4

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

In regard to Petitioner's request for an evidentiary hearing, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's claims are barred from review or otherwise without merit. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

### B. Procedurally Defaulted Claim

#### 1. Available Claims Must Be Raised on Direct Appeal

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be

reviewed without further factual development." Mills, 36 F.3d at 1055. Thus, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

## 2. Petitioner Brings a Claim He Failed to Assert on Direct Appeal

Petitioner's claim that the district court erred in answering a question asked by the jury during deliberations is procedurally defaulted because Petitioner failed to raise it on appeal, and therefore he cannot now bring this claim in this collateral proceeding. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (citation omitted). By failing to raise this alleged error by the district court on direct appeal, Petitioner procedurally defaulted this claim.

Having established that this claim has been defaulted, the Court finds that Petitioner has not established cause to excuse his default. In his § 2255 motion, Petitioner states that

his attorney "felt like other issues were stronger and refused to raise this issue" after being asked to do so. (Doc. no. 1, p. 4). However, counsel's refusal to raise this alleged error by the district court on appeal does not constitute cause excusing Petitioner's procedural default. See Eagle v. Linahan, 279 F.3d 926, 937 (11th Cir. 2001) (quoting Murray, at 486-87, 492) (an attorney's failure to raise a claim on direct appeal does not constitute cause to excuse procedural default).

The Court is aware that constitutionally ineffective assistance of counsel can constitute cause. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989) (citing Murray, 477 U.S. at 488). However, Petitioner's claim of ineffective assistance of counsel is not based on his attorney's purported refusal to raise the issue regarding the alleged error by the district court on appeal. Rather, Petitioner's ineffective assistance of counsel claim is based on counsel's failure to seek to admit certain evidence at trial, and as discussed in detail below, this claim is without merit.

Moreover, even if Petitioner had based his ineffective assistance of counsel claim on his attorney's alleged failure to raise this issue on appeal, he still would not have established cause to excuse his procedural default because, in order to constitute cause, ineffective assistance claims must have merit. See United States v. Nyhuis, 211 F.3d 1340, 13433 (11th Cir. 2000). As discussed in further detail below, to establish ineffective assistance of counsel, Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to

7

deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Here, Petitioner has failed to meet that standard, and thus he has failed to establish cause to excuse his procedural default.

Of note here, counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated otherwise, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). While Petitioner contends that the district court erred in answering a question submitted by the jury without first consulting his attorney, "[w]hen the judge's answer to the jury's inquiry is distinctly responsive to the question; clearly states the law; and no prejudice is shown, the error is harmless." United States v. Zielie, 734 F.2d 1447, 1460 (11th Cir. 1984) (citation omitted), *abrogated on other grounds by* United States v. Chestang, 849 F.2d 528 (11th Cir. 1988). During deliberations, the jury asked for a transcript of Price's prior testimony. Judge Bowen responded that the law required each juror to rely on their recollections of the testimony and did not permit access to a transcript. CR 106-081, doc. no. 173, pp. 410-11; see also United States v. Delgado, 56 F.3d 1357, 1370 (11th Cir. 1995) (district court did not err in denying jury's request to read back portions of transcript and instructing jury to rely on its own recollection of the evidence). Thus, Judge Bowen distinctly responded to the jury's question and accurately stated the law. Furthermore, the Court is persuaded by Respondent's argument

that the district court's answer to this inquiry did not prejudice Petitioner in light of the overwhelming evidence against him, as discussed in detail above. Thus, even if Petitioner had raised his attorney's alleged refusal to present on appeal the alleged error by the district court as the basis for his ineffective assistance of counsel claim in these § 2255 proceedings, he would still have failed to establish cause to excuse his procedural default because such a claim is without merit. As discussed above, Petitioner's attorney did not err in failing to present this issue on appeal, and even if he had, Petitioner suffered no prejudice as a result.

In sum, the Court finds that Petitioner's claim regarding the alleged error by the district court is barred in this proceeding because it was not raised on direct appeal, and Petitioner has failed to establish that he can meet the cause and prejudice standard that would excuse his procedural default of this claim.

## C.  Ineffective Assistance of Counsel Claim

### 1.  Applicable Rules Explained

Turning to Petitioner's claim of ineffective assistance of counsel, the Court begins by noting that such claims are excepted from the general procedural default rules explained above. Lynn, 365 F.3d at 1234 n.17 (citing Massaro v. United States, 530 U.S. 500 (2003)). However, as discussed briefly above, to establish ineffective assistance of counsel, Petitioner must meet a two-part test. First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster

v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

10

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of the allegations forming the basis of Petitioner's ineffective assistance of counsel claim.

### 2. Counsel's Decisions Were Not Error and Did Not Prejudice Petitioner

As noted above, Petitioner contends that counsel was constitutionally ineffective for failing to introduce two types of evidence at trial. First, Petitioner asserts that his attorney should have introduced handwritten notes Price wrote to him while they were both in pre-trial detention. According to the information contained in those notes, Price and a man named Rayvon drove from Charlotte, North Carolina, to Augusta, Georgia, on the morning of the robbery. (Doc. no. 1, p. 32). The notes go on to state that Price and Rayvon picked up Petitioner, dropped him off at a gas station, and then drove to the bank on Tobacco Road where Rayvon exited the car, and Price smoked crack cocaine for about 10 minutes. (Id.).

According to the notes, Petitioner got back in the car after the robbery occurred, noticed a gun in the back seat, and when a police officer approached the car, the gun accidentally went off. (Id. at 32-33). The notes further state that at that point, Petitioner fled from the car on foot because he knew that, as a convicted felon, he was prohibited from possessing a firearm. (Id.).

Second, Petitioner contends that his attorney should have introduced portions of Price's testimony from an ex parte hearing held before the undersigned on May 31, 2006.[3] According to Petitioner, Price testified at that hearing that one of the relatives of the man Price traveled to Augusta with threatened to harm Price's two daughters "if a certain person had to go to prison." (Id. at 29-31); see also CR 106-081, doc. no. 97, p. 2. Petitioner maintains that Price's earlier testimony contradicts his testimony at trial, where Price said he traveled to Augusta with Petitioner on the morning of the bank robbery. (Id. at 29).

In applying the two-part Strickland test explained above, the Court finds that counsel did not err in deciding not to present either of these two types of evidence at trial. As to the testimony that Petitioner contends his attorney should have introduced, the Court acknowledges that counsel could have asked Price at trial about his prior inconsistent statements. See Fed. R. Evid. 613. However, the Court agrees with Respondent that counsel's decision not to do so was well-founded. Indeed, at trial, Price denied that he had made certain statements at his Rule 11 hearing. For example, as noted by the Eleventh

---

[3] As explained below, the undersigned held this hearing when Judge Bowen received a letter purportedly written by Price requesting a new attorney because his attorney had allegedly tried to force him to plead guilty to all charges and implicate Petitioner.

12

Circuit, Price presented evidence at trial that he was so high on crack cocaine that he was unaware that the car he was driving had stopped at a bank. Price, 298 Fed. App'x at 940. On cross-examination, the government pointed out that during his testimony at his Rule 11 hearing, Price had admitted that the car was parked at a bank. Id. at 939. When confronted with this prior inconsistent statement during trial, "Price instantly and vehemently denied ever using the word 'bank' at his Rule 11 hearing. Id. at 940. Given that Price had already denied making statements at his Rule 11 hearing, counsel had reason to believe that to confront him with other prior inconsistent statements from the ex parte hearing would have been fruitless.

As to the letters allegedly written by Price to Reynolds, the Court notes that prior to trial, Judge Bowen received a letter apparently written by Price alleging that his attorney tried to force Price to plead guilty to all charges and implicate Petitioner. CR 106-081, doc. no. 97, pp. 2-3. Accordingly, in the letter, Price requested a new attorney. Id. at 3. The undersigned held an ex parte hearing on the matter, at which Price explained that he had asked Petitioner to write a letter informing the Court that someone had threatened Price's two daughters. Id. at 3, 6, 8. Petitioner wrote a letter, and Price signed it. Id. at 3-4, 6. After the undersigned read the letter received by Judge Bowen to Price at the hearing, Price denied instructing Petitioner to make the allegations against his attorney or to ask for a new attorney. Id. at 4-6. Price explained that he thought the letter discussed only the threats against his daughters, and in fact, Price stated that he was satisfied with his attorney. Id. at 6, 8. Stated differently, the record contains uncontradicted evidence that Petitioner had written a false,

13

self-serving letter on Price's behalf, duped Price into signing it by misrepresenting its contents, and filed it with the Court. In light of this, the Court is persuaded that counsel made the wise decision not to introduce the letters Petitioner now claims Price wrote to him in order to shield Petitioner from an attack on his credibility and possible perjury charges. "Given the strong presumption in favor of competence," Fugate, 261 F.3d at 1217, the Court finds that counsel did not err in not seeking to admit at trial the testimony from the ex parte or the handwritten notes.

Even if the Court were to find that counsel should have sought to introduce such evidence, his decisions did not result in any prejudice to Petitioner. The Eleventh Circuit has already ruled that the evidence against Petitioner was so overwhelming that it rendered harmless several alleged errors Petitioner challenged on appeal. As discussed above, this overwhelming evidence includes: (1) Price's testimony that Petitioner was in the back seat of the "getaway" car; (2) the presence of the clothes and wig in the back seat of the car that were identified by the bank employees at trial as items worn by the robber; (3) shotgun shells, a knit cap, black gloves, the $6,650 stolen from the bank, and a wallet and purse belonging to bank employees found in the back seat of the car; (4) the bank employees' identification of Petitioner as the robber an hour after the robbery and at trial; (5) the fact that Petitioner was wearing the same clothes as the robber and had the same distinctive teeth; (6) Officer An's identification of Petitioner as the man who fired the shot in the direction of his vehicle; and (7) Price's testimony that after hearing a loud noise, he saw Petitioner holding a shotgun in the back seat of the car. Price, 298 Fed. App'x at 940-41. In sum, "[t]here was

overwhelming evidence against [Petitioner] . . . to support the guilty verdict." Id. at 941. Thus, the Court finds that no prejudice inured to Petitioner as a result of counsel's decisions not to attempt to admit these two types of evidence, and his claim of ineffective assistance of counsel fails.[3]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED** without an evidentiary hearing, that the other pending motions be **DENIED** as **MOOT** (doc. nos. 6, 20, 34), that this case be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Petitioner's "Motion for Summary Judgment" contains the same arguments as his § 2255 motion. (See doc. no. 6). As the Court has found that these arguments are without merit and do not provide a basis for relief, the "Motion for Summary Judgment" and related motion to take judicial notice of certain facts should be **DENIED as MOOT**. (Doc. nos. 6, 20, 34). See Gaddis v. United States, No. CV 408-027, 2009 WL 1269234, at *1 (S.D. Ga. Feb. 23, 2009) (denying the petitioner's motion for summary judgment and other motions where the claims raised in the petitioner's § 2255 motion were without merit).