IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DONALD M. REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-061 |
| | ) | (Formerly CR 106-081) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections, (doc. no. 42), have been filed. Petitioner has also filed a motion to amend and a motion to "incorporate" his motions for judicial notice (doc. nos. 41-1, 41-2), which Respondent opposes, (see doc. no. 43).

In addressing Petitioner's objections and these recently filed motions, a brief factual and procedural history of this case will be helpful. Petitioner was charged with armed robbery, discharge of a firearm during a crime of violence, and possession of a firearm by a convicted felon in connection with the robbery of a bank. See Price v. United States, CR 106-081, doc. no. 11 (S.D. Ga. May 2, 2006). Petitioner was convicted by a jury on all counts and was sentenced to a total term of imprisonment of 420 months. Id., doc. nos. 148, 156. Petitioner's conviction and sentence were affirmed on appeal by the Eleventh Circuit, with the appellate court specifically finding that the overwhelming evidence against

Petitioner at trial rendered any error at the district court level harmless. See generally United States v. Price, 298 Fed. App'x 931 (11th Cir. 2008). This overwhelming evidence included testimony about Petitioner's presence and actions while in the "getaway car;" items from the bank that were found in the back of the car, including the stolen money; and the identification of Petitioner by bank employees as the person who robbed the bank. Id. at 940-41.

Petitioner timely filed his § 2255 motion, asserting the following as grounds for relief: (1) his attorney rendered constitutionally ineffective assistance of counsel by failing to introduce certain evidence at trial, and (2) the Court violated his right to counsel by answering a question submitted to the jury without first consulting Petitioner's attorney. (See generally doc. no. 1). After directing a response from the government, the Magistrate Judge recommended that Petitioner's § 2255 motion be denied because his first claim failed on the merits and his second claim was procedurally defaulted. (See doc. no. 38, pp. 5-15). The Magistrate Judge further recommended that Petitioner's pending motions, including two motions for judicial notice, be denied as moot. (Id. at 15 & n.3).

As noted above, in addition to filing objections to the Magistrate Judge's Report and Recommendation (doc. no. 42), Petitioner has also filed a motion to amend his § 2255 motion, as well as a motion to "incorporate" his judicial notice motions. (Doc. nos. 41-1, 41-2). The Court begins by addressing the motion to amend, in which Petitioner requests to add two claims, one for "fraudulent misrepresentation" and the other for an alleged violation of the Confrontation Clause of the Sixth Amendment. (Doc. no. 41, p. 2). Respondent argues that Petitioner's request to amend should be denied because both of Petitioner's proposed

2

claims are simply re-characterizations of the claims he previously asserted in his § 2255 motion. (See doc. no. 43). Petitioner has also filed a reply. (Doc. no. 44). The Court resolves the matter as follows.

As noted above, in his original § 2255 motion, Petitioner contended that the Court erred in answering a question submitted by the jury without first consulting Petitioner's attorney. (See doc. no. 1, pp. 4-5, 18-22). Petitioner now seeks to add a claim for "fraudulent misrepresentation," based on his contention that the "trial court fraudulently misrepresented the substance of the jury note . . . ." (Doc. no. 41, p. 2). Notably, Petitioner made similar representations elsewhere in his filings with the Court in support of his claim challenging the actions of the Court with respect to the jury note. (See doc. no. 33, p. 3). Thus, the Court agrees with Respondent that this first proposed claim is simply a variation on Petitioner's claim that the Court erred in answering a question submitted by the jury without first consulting Petitioner's attorney. As Petitioner is simply attempting to re-characterize a claim already rejected by the Magistrate Judge, he may not "amend" his § 2255 motion to add this first proposed claim.

However, the Court does not agree that Petitioner's second proposed claim is merely a re-characterization of previously asserted claims. Indeed, in this second proposed claim, Petitioner argues that his rights under the Confrontation Clause of the Sixth Amendment were violated when the Court admitted at trial portions of testimony given by Petitioner's co-defendant at his Rule 11 hearing. Petitioner did not make any such contentions in his

original § 2255 motion. Accordingly, the Court must determine whether the amendment is appropriate under Rule 15(c) of the Federal Rules of Civil Procedure.[1]

Turning to the Rule 15(c) analysis, the Court begins by noting that the one-year statute of limitations applicable to § 2255 motions begins to run on "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255(f)(1).[2] The Eleventh Circuit affirmed Petitioner's conviction and sentence on November 3, 2008. Price, 298 Fed. App'x at 941. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, Petitioner's convictions became final ninety days after November 3, 2008, or on February 1, 2009. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("'[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'") (citing Clay v. United States, 537 U.S. 522, 525 (2003)); Kaufmann v. United States, 282 F.3d 1336, 1337-38 (11th Cir. 2002). Accordingly, Petitioner had one year from February 1, 2009, to file all his claims that he wished to be considered as a basis for his § 2255 motion. Petitioner executed his original § 2255 motion on June 1, 2009, well within the one-year statute of limitations. However,

---

[1] The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4). In addition, Rule 12 of the Rules Governing Section 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

[2] In certain circumstances, the statutory period begins to run on a date other than the date upon which the conviction became final. See 28 U.S.C. § 2255(f)(2)-(4). However, Petitioner has outlined no basis upon which to suppose that any of these circumstances apply in his case.

he did not execute his motion to amend until February 12, 2010. (See doc. no. 41, p. 3). Accordingly, the Court must determine whether the untimely second proposed claim relates back to Petitioner's original claims that were timely filed.

Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (*per curiam*) (citing Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001) (*per curiam*)). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Farris, 333 F.3d at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002) (*per curiam*). In other words, at issue here is whether the amended claims are merely an attempt to "flesh out" an original claim, or if the amended claims rely upon different facts.

Here, the Court concludes that Petitioner is attempting to add a claim that relies upon an entirely different set of facts from the claims asserted in his original § 2255 motion, and

5

therefore the proposed claims do not relate back under Rule 15(c). As noted above, Petitioner's second proposed amended claim contends that his rights under the Confrontation Clause were violated when the Court admitted at trial portions of testimony given by Petitioner's co-defendant at his Rule 11 hearing. While Petitioner raised the issue of the admission of the Rule 11 testimony on appeal, see Price, 298 Fed. App'x at 940, he did not raise this issue in his § 2255 motion. As noted above, in his original § 2255 motion, Petitioner asserted the following as grounds for relief: (1) his attorney rendered constitutionally ineffective assistance of counsel by failing to introduce certain evidence at trial; and (2) the Court violated his right to counsel by answering a question submitted to the jury without first consulting Petitioner's attorney. While Petitioner did make reference to the fact that the jury note concerned a request for a transcript of the Rule 11 testimony, Petitioner made clear that his concern was not with the admission of the testimony, but rather with the fact that the Court did not consult his attorney before answering the question. Notably, Petitioner's original claim regarding the jury note concerned events that occurred after the jury began its deliberations, while his second proposed claim concerns events that occurred during the trial, before the case was submitted to the jury. Moreover, while Petitioner's other claim asserted in his original § 2255 motion regarding evidence that Petitioner contends his attorney should have admitted concerned events that occurred during trial, this evidence did not concern the Rule 11 testimony. Thus, the Court finds that the second proposed claim does not arise out of the same transactions or occurrences giving rise to any of Petitioner's original claims. Accordingly, Petitioner is not permitted to amend his original § 2255 motion to add this second proposed claim, and his motion to amend is **DENIED**. (Doc. no. 41-1).

The Court next turns to Petitioner's motion to "incorporate" his motions for judicial notice, in which he essentially requests that the Court consider the merits of his motions for judicial notice that the Magistrate Judge recommended be denied as moot. (See doc. no. 41, p. 2). In his Report and Recommendation, the Magistrate Judge recommended that these motions be denied as moot because the claims raised in Petitioner's § 2255 motion were either procedurally defaulted or without merit. While the Court finds that the Magistrate Judge appropriately recommended that these motions be denied as moot, given Petitioner's motion requesting that his judicial notice motions be addressed on the merits, the Court briefly does so here.

In his motions for judicial notice, Petitioner requests that the Court take judicial notice of what he describes as "adjudicative facts." (Doc. no. 20, p. 2; see also doc. no. 34). Respondent submits that these motions are without merit and should be denied because the "adjudicative facts" are not subject to judicial notice. (Doc. nos. 22, 36). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For example, the price of a stock on a particular day is a judicially noticeable fact. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 842 (11th Cir. 2004). On the other hand, an assertion "that veteran grand juries are less captive to the prosecutor than newly impaneled grand juries" is not subject to judicial notice because it does not meet either prong of the test under Rule 201(b). See United States v. Pabian, 704 F.2d 1533, 1538

7

(11th Cir. 1983). Stated differently, legal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice.

Here, the Court finds that the "adjudicative facts" Petitioner seeks to have judicially noticed are more properly characterized as legal arguments and conclusions that he submits in support of his claims for relief. Indeed, by way of example, Petitioner requests that the following statement be accepted as a judicially noticed fact: "Donald M. Reynolds was deprived of counsel by government action during a critical stage of his trial [on] March 7, 2007, and reversal of his sentence and conviction is required . . . ." (Doc. no. 20, p. 3). The Court finds that such "adjudicative facts" do not meet the requirements of Rule 201(b). Rather, they consist of legal arguments and conclusions that Petitioner wants to Court to accept as true. In any event, Petitioner submitted these "adjudicative facts" in support of his claims raised in his § 2255 motion. Although the Magistrate Judge denied as moot the motions for judicial notice, he did consider the arguments and representations made therein in making his recommendation on Petitioner's claims, which the Magistrate Judge ultimately found were either procedurally defaulted or without merit. (See doc. no. 38, pp. 8, 15). Having addressed Petitioner's motions for judicial notice, his motion to "incorporate" these judicial motions is **MOOT**. (Doc. no. 41-2).

Finally, the Court addresses Petitioner's argument that his claim regarding the alleged error committed by Court in answering a question submitted by the jury without consulting Petitioner's attorney is not procedurally defaulted. (Doc. no. 42, pp. 2-3). Specifically, Petitioner appears to contend this claim should have been construed as a claim for ineffective assistance of counsel (id.), and Petitioner correctly notes that such claims are generally

8

excepted from the procedural default rules, see Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (citing Massaro v. United States, 530 U.S. 500 (2003)).[3] While the basis for Petitioner's argument is unclear at best, it appears that Petitioner is seeking to blame his attorney for not being present when the Court answered a question submitted by the jury outside the presence of counsel. Notably, elsewhere in his filings in this case, Petitioner faults the Court for not notifying counsel that the jury had submitted a question during the course of their deliberations and not allowing his attorney to view the note. (See, e.g., doc. no. 1, pp. 4-5; doc. no. 6, p. 2; doc. no. 34, p. 2). Indeed, at one point, Petitioner describes his counsel as "helpless" because of Court's actions in this regard. (Doc. no. 6, p. 2). Stated differently, Petitioner's contention that his attorney erred by not being present at the reading of the jury note is contradicted by his own statements elsewhere in his filings in this case. Furthermore, it strains credulity to find that counsel erred in this regard when the Court did not notify counsel that the jury had a question. Accordingly, this argument is without merit, and the objection is due to be overruled on this basis alone.

However, even assuming *arguendo* that Petitioner's first claim should have been construed as a claim for ineffective assistance of counsel, this claim would still fail. As explained in the Report and Recommendation, Petitioner must meet a two-part test to state a claim for ineffective assistance of counsel. Under Strickland v. Washington, 466 U.S. 668

---

[3]Generally, a claim is procedurally defaulted if it was not raised on direct appeal. United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). In order to overcome procedural default, a petitioner must demonstrate (1) cause for the default and actual prejudice suffered as a result of the alleged error, or (2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1280 (citation omitted).

9

(1984), Petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) Petitioner suffered prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 688. Notably, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . ." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985).

As noted above and discussed repeatedly by the Magistrate Judge in his recommendation, the Eleventh Circuit has found that the evidence against Petitioner was so overwhelming that it rendered harmless several alleged errors Petitioner challenged on appeal. This overwhelming evidence included: (1) testimony that Petitioner was in the back seat of the "getaway" car; (2) the presence of the clothes and wig in the back seat of the car that were identified by the bank employees at trial as items worn by the robber; (3) shotgun shells, a knit cap, black gloves, the $6,650 stolen from the bank, and a wallet and purse belonging to bank employees found in the back seat of the car; (4) the bank employees' identification of Petitioner as the robber an hour after the robbery and at trial; (5) the fact that Petitioner was wearing the same clothes as the robber and had the same distinctive teeth; (6) Officer An's identification of Petitioner as the man who fired the shot in the direction of his vehicle; and (7) the testimony of Petitioner's co-defendant that after hearing a loud noise, he saw Petitioner holding a shotgun in the back seat of the car. Price, 298 Fed. App'x at 940-41. Similarly, assuming *arguendo* that Petitioner's counsel can be faulted for not being present for the reading of the jury note that requested a transcript of the Rule 11 testimony,

10

the Court finds that no prejudice inured to Petitioner as a result of this alleged error because of this overwhelming evidence against him. Accordingly, this objection is without merit and is **OVERRULED**.[4]

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of this Court. Therefore, Petitioner's § 2255 motion is **DENIED** without an evidentiary hearing, the other pending motions are **DENIED** as **MOOT** (doc. nos. 6, 20, 34), this case is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

Finally, a Certificate of Appealability may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As demonstrated by the Magistrate Judge's Report and Recommendation, which is now adopted as the opinion of this Court, Petitioner has not made the requisite showing. Accordingly, the Court **DENIES** Petitioner a Certificate of Appealability.

SO ORDERED this 17 day of March, 2010, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[4]The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

11