IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA     *
                             *
      v.                     *     CR 106-081
                             *
DONALD M. REYNOLDS           *
```

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Donald M. Reynolds has filed such a motion. He also seeks the appointment of counsel. The Court does not require a response from the Government.

The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c), which is commonly referred to as the "compassionate release" provision. In consideration of a motion for compassionate release, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons,

the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Defendant has not met the specific criteria for any of these categories. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, Defendant has not demonstrated that he meets the specific examples of extraordinary and compelling reasons, and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

---

[1] The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Defendant has not alleged any medical ailment that would qualify him as having a serious medical condition. Moreover, Defendant's generalized concerns about COVID-19 are insufficient to uniquely position him to be so adversely affected by COVID-19 that his release is warranted.

Moreover, the Court must consider whether Defendant is a danger to the community, see U.S.S.G. § 1B1.13(2), and the sentencing factors of 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh heavily against his release given the serious nature of his offense and his criminal history. Also, the Court cannot conclude that Defendant is not a danger to community.

Upon the foregoing, Defendant Donald Reynold's motion for compassionate release (doc. no. 260) is hereby **DENIED**. His motion for the appointment of counsel is **DENIED AS MOOT**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 27th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[2] A prisoner does not have a constitutional right to counsel in a § 3582(c) proceeding. United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009).