IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 106-081 |
| | * | |
| DONALD M. REYNOLDS | * | |

O R D E R

On March 7, 2006, a jury convicted Defendant Donald M. Reynolds of armed bank robbery (Count One) and discharging a firearm during a crime of violence (Count Two). He was also convicted of possession of a firearm and ammunition by a convicted felon, a violation of 18 U.S.C. § 922(g)(1) (Count Three). On July 31, 2007, Defendant was sentenced to a total term of 420 months imprisonment, consisting of 300 months on Count One; 120 months on Count Three, to run concurrently with Count One; and 120 months on Count Two to be served consecutively to Counts One and Three.

On January 29, 2020, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of his confinement, the Southern District of West Virginia. On March 1, 2023, the United States District Court for the Southern District of West Virginia vacated Defendant's § 922(g)(1) conviction (Count

Three),[1] and the case was transferred to this Court for further proceedings. Notably, Defendant represented himself in the § 2241 proceeding.

On March 8, 2023, the United States Attorney for the Southern District of Georgia was directed to notify this Court of her intended course of action with respect to this case. (Doc. No. 277.) Prior to her response, Defendant filed a "Motion to Vacate Conviction and Sentence Following Successful 28 U.S.C. 2241"; "Motion for Resentencing"; "Objection to the Court's Factual Finding in Order"; and "Motion to Appoint Counsel."[2] Following the Government's response, wherein it indicates that it will not seek a retrial, Defendant filed a "Memorandum in Support of Motion for Full Resentencing"; "Affidavit in Support of Motion for Full Resentencing"; "Memorandum of Law in Support of Motion for Full Resentencing"; "Reply to Government's Response"; and "Citation to Binding Precedent in Support of Motion for Full Resentencing."

---

[1] The habeas court vacated Defendant's § 922(g)(1) conviction based upon Rehaif v. United States, 139 S. Ct. 2191 (2019), finding an absence of evidence by which the jury could have found that Defendant knew he was a felon when he possessed the firearm. (See Doc. No. 275.)

[2] Defendant "cross-filed" these motions in the instant underlying criminal case and in the civil case opened upon transfer of the habeas case from the Southern District of West Verginina (Case No. CV 123-021). The Court has closed the civil case (see doc. no. 274), has not allowed Defendant's filings to be included in the civil case, and instructs Defendant to limit his filings to the criminal case number, CR 106-081, henceforth.

2

The sum total of these filings is that Defendant seeks a plenary resentencing, requesting not only the vacatur of his § 922(g)(1) conviction, but a new Presentence Investigation Report, a new resentencing hearing, and a remolded sentence to include consideration of his rehabilitation while in prison. The Government opposes Defendant's motions, contending that the Court should exercise its discretion to simply vacate the § 922(g)(1) count and reimpose the original sentence.

The Court first addresses Defendant's request for counsel. A defendant has a constitutional right to counsel through his direct appeal. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that Sixth Amendment right to counsel extends through first direct appeal as of right and no further). While the Criminal Justice Act provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A(c), this "resentencing" is ancillary to Defendant's § 2241 postconviction proceeding, not the original sentencing. The right to counsel does not extend to postconviction proceedings. See, e.g., United States v. Davis, 400 F. App'x 538, 540 (11th Cir. 2010); Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (cited sources omitted). Further, the Court concludes that the interests of justice does not require appointment of counsel because

3

Defendant has been able to articulate his factual and legal contentions not only in this matter but in his successful § 2241 proceeding. Finally, the Court notes that the applicable legal doctrines are readily apparent. For these reasons, Defendant's motion for appointment of counsel (doc. no. 284) is **DENIED**.

The Court also denies Defendant's request for a *de novo* resentencing hearing. In United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), the Eleventh Circuit addressed whether a defendant is entitled to a resentencing hearing when a change to his sentence is required as a result of his successful petition for habeas relief under 28 U.S.C. § 2255. The Brown court identified two factors for consideration: (1) "did the errors requiring the grant of habeas relief undermine the sentence as a whole?"; and (2) "will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?" Id. at 1239-40. As further explained in United States v. Thomason, 940 F.3d 1166, 1172 (11th Cir. 2019), if these two factors are present, the defendant is entitled to a hearing on resentencing. However, "[a] district court need not conduct a full sentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous." Id.

In order to assess these factors, the Court will explain its original sentence in more detail. For purposes of the United States Sentencing Guidelines, Count One (armed bank robbery) and Count Three (the now-vacated possession of a firearm by a convicted felon) were grouped together pursuant to U.S.S.G. § 3D1.2(c). The guideline calculation for Count One resulted in an Adjusted Offense Level of 30, while the guideline calculation for Count Three resulted in an Adjusted Offense Level of 22. Pursuant to U.S.S.G. § 3D1.3(a), the highest offense level was used to calculate the guideline range. With a Total Offense Level of 30 and Criminal History Category of IV, the guideline range was 135 to 168 months as to Counts One and Three. Because Count One determined the applicable offense level, the elimination of Count Three would have no impact on the guideline range of 135 to 168 months.[3]

Once the guideline range was determined, the Court departed upward in accordance with U.S.S.G. § 5K2.6, which allows for the increase of a sentence above the authorized guideline range if a weapon is used or possessed in the commission of the offense. The extent of the increase may depend upon the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm may warrant

---

[3] There was no guideline calculation related to Count Two (discharging a firearm during a crime of violence) because the guideline sentence was the minimum required by statute, i.e., a 120-month consecutive sentence.

a substantial sentence increase. In this case, Defendant brandished a shotgun upon entry into the Queensborough Bank in Hephzibah, Georgia. He immediately discharged the firearm into the ceiling. He fired the weapon into the office of an employee, who had dropped to the floor behind her desk. He also fired the weapon in the direction of another employee, yelling "Stop looking at me!"; while the shot hit the carpet near the employee, some of the shotgun pellets struck her left arm. Defendant pointed the shotgun directly in the face of the teller who he robbed. Finally, Defendant fired the shotgun at the law enforcement officer who had stopped the escape vehicle. As the Court noted in the Statement of Reasons supporting the upward departure, Defendant wantonly terrorized the employees of the bank during the robbery, and it was very fortunate that none of the employees were killed. The Court concluded that the guideline range of 135 to 168 months was inadequate for the purposes of punishment and deterrence. The Court thus imposed a 300-month sentence. The § 922(g)(1) count had absolutely no impact on this sentence.

So, with respect to Brown's first inquiry, the Court's Rehaif "error" does not in any way undermine his sentence as a whole. As the Thomason court stated, "[a]n error undermines the sentence as a whole when it forces the district court to revisit the entire sentence." 940 F.3d at 1172. This Court need not do so here. Without the § 922(g)(1) conviction, Defendant's guideline range of

6

135 to 168 months is unchanged, and the factual support for the upward departure is also unchanged. The Court would still have imposed a 300-month sentence for the armed bank robbery. With respect to Brown's second inquiry, the relief afforded Defendant by the habeas court is very limited. The habeas court vacated an essentially superfluous conviction for sentencing purposes; that is, the vacatur of the § 922(g)(1) count does not call upon this Court to answer questions it did not consider at the original sentencing. Consequently, the Court is not required to and indeed declines to have a resentencing hearing. Accord United States v. Hernandez, 735 F. App'x 998 (11th Cir. 2018) (affirming district court's denial of a resentencing hearing following a reduction of sentence on a *concurrent* § 922(g)(1) offense).

Defendant insists over his multiple filings that because his § 922(g)(1) conviction was grouped with the armed robbery conviction, it must have influenced the sentence imposed on the armed robbery count. In his estimation, a recalculation of the guidelines is appropriate. Yet, the guidelines remain unchanged upon recalculation, and as explained above, the § 922(g)(1) conviction played no part in the Court's upward departure on the concurrent armed robbery conviction. Defendant seems to think that the Court must now ignore the fact that he had the shotgun while he robbed the bank. It was not, however, Defendant's "possession" of the firearm, whether he was a convicted felon or

7

not, that led to the upward departure. It was Defendant's "use" of the firearm – the terror he lorded over the bank employees and threat of life lost to the law enforcement officer. Defendant's status as a convicted felon played absolutely no role in the sentencing determination.

Defendant also takes exception with not having been notified of the Court's intent to upwardly depart from the guideline range as required by Federal Rule of Criminal Procedure 32(h). However, the Presentence Investigation Report contained notice to Defendant that an upward departure may be warranted under U.S.S.G. § 5K2.6. (PSI ¶ 109.) Accordingly, Defendant's claim of lack of notice is without merit.

Finally, to the extent that Defendant desires to explicate his rehabilitation while in prison, there is no need for a hearing given the Court's distinct recall of the trial testimony of the weeping bank teller who came face to face with the shotgun and of the victim impact letters of the four bank employees, each of whom described the trauma as life-altering. No matter how genuine or absolute, Defendant's rehabilitation does not mitigate the Court's conclusion that the sentence imposed was and remains the appropriate societal response to the armed robbery. Defendant's service of any less time than 300 months on this charge would not serve the purposes of sentencing under 18 U.S.C. § 3553(a), particularly for the need of the sentence imposed to reflect the

seriousness of the offense, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. See Thomason, 940 F.3d at 1172 ("But when the district court vacates a single count in a multi-count conviction, it has the discretion to determine whether it needs to conduct a full resentencing to ensure that the sentence remains 'sufficient, but not greater than necessary, to comply with the purposes [of sentencing in section 3553(a)]'" (quoted sources omitted)).

Upon the foregoing, Defendant Donald M. Reynolds's conviction under 21 U.S.C. § 922(g)(1) (Count Three) for possession of a firearm by a convicted felon is **VACATED**. All other terms and conditions of the Judgment and Commitment Order entered on August 6, 2007 (doc. no. 159) shall remain in full force and effect, including the sentence of 300 months imprisonment for the armed robbery conviction (Count One) and 120 months imprisonment for the discharge of a firearm conviction (Count Two), to be served consecutively. The Clerk is directed to terminate all pending motions and deadlines in the case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2023.

UNITED STATES DISTRICT JUDGE